Christian, J.,
dissented.
The decree was as follows.
The court is of opinion, for reasons stated in writing- and filed with the record, that Abner Lester, Jr., in his lifetime, purchased the land in dispute from his- *747 father, Abner Lester, Sr., for and in consideration of 7 . the support and maintenance of the said Abner, the elder, and his0 wife, during their lives; and in pursuance of said contract, the said Abner, the younger, was let into the possession of the land by his father, and held the exclusive, undivided and undisputed possession thereof until his death, for a period of eight or nine years, with the knowledge and acquiescence of his father, who occupied no part of it during that period, but lived at another place about a half mile distant from his son’s place, and which was not a part or parcel thereof. That the said Abner, the younger, cleared out land upon the place in dispute, which, prior to his purchase aforesaid, was in forest, and without any sort of improvement—built a dwelling-house and other buildings upon it—planted orchards, and cultivated the land under his said contract, and furnished support and maintenance for his father and mother as long as he lived, and that after his death his children, their mother not having survived their father, continued in possession of the land and cultivated it, and took the said Abner, the elder, and his wife, who were then old and infirm, to live with them, and gave them the best support and maintenance they could for the period of about five years, which the said Abner Lester, the elder, accepted in fulfillment of their father’s contract with him. That then the old man was carried away by his son Fleming to his place of residence, about eight miles distant, and was not able to return to his home with his grandchildren, the said Fleming withholding from him the means of returning, but in August 1870 caused him, he then being about eight-eight years old, to execute to him a deed, conveying to him and his sister, Elizabeth Thompson, one of the appellees, in the proportion of two-thirds to *748 himself, and one-third to his said sister, the most of the land which he had previously contracted to convey to his deceased son, Abner, of which they had notice. 0 J And the court being further of opinion that the appellants are entitled to the said land under the contract of Abner Lester, Jr., with the said Abner Lester, Sr.; and that the said deed of conveyance to Fleming Lester and Elizabeth Thompson, bearing date the 11th day of August 1870, and admitted to record- in the clerk’s office of the county court of Floyd county, as appears by the certificate of J. Godfry, deputy clerk, a copy of which is filed with the record, is fraudulent, it is therefore adjudged, ordered and decreed that the said deed be, and is hereby, set aside and annulled; and the appellees, Fleming W. Lester, Levi Thompson and Elizabeth his wife, and all other persons, are perpetually restrained and injoined from all proceedings whatsoever to execute and enforce the judgment of the county court of Floyd, rendered in their favor against John W. Lester on the 13th day of December 1871. And the court doth further decree the specific execution of the contract aforesaid between Abner Lester, Sr., and Abner Lester, Jr., for the tract of land granted by the commonwealth to Abner Lester, by patent bearing date the 1st day of November 1852, a copy of which is filed with the record, according to the metes and bounds thereof, by the said patent described, except fifty acres thereof, which it appears was sold to Thomas Franklin with the consent of the said Abner Lester, Jr. And it is ordered and decreed that the sheriff of Floyd county, who is hereby appointed a commissioner for the purpose, do convey the said tract of two hundred and sixty-six acres of land, by metes and bounds as hereinbefore described, except fifty acres, part and parcel thereof sold by the said *749 Abner Lester, Sr., to Thomas Franklin, to James L. Lester, Oallahil Lester, J. E. Lester, Barbara Dickerson, Haney E. Gray, Sarah Wainright and Bachel Lester, children and heirs of Abner Lester, Jr., and to Thomas L. Michie, assignee in bankruptcy of John W. Lester, another of the heirs of Abner Lester, Jr., to hold in common with the beforenamed grantees. And it is further ordered that the appellees pay to the appellants their costs expended in the prosecution of their appeal here, together with their costs in the court below.
Decree reversed.